## JONESBORO STATE BANK v. NATIONAL CASH REGISTER CO. et al.

### No. 4884.

Court of Appeal of Louisiana. Second Circuit.

Dec. 5, 1934.

Scarborough & Barham, of Ruston, for appellants.

H. W. Ayres, of Jonesboro, for appellee.

TALIAFERRO, Judge.

In May, 1931, F. O. Brooks, sole owner and operator of Brooks Motor Company, of Jonesboro, La., signed a form letter to defendant National Cash Register Company, of Dayton, Ohio, wherein he asked said company to manufacture and deliver to him a light brown mahogany finished cash register, No. N–2135 R&S 1C, and in due time the register was de-

livered and accepted. On August 15th, Brooks executed his note to the company for $916.80 to cover the balance due by him on the purchase price of the machine, payable in 24 monthly installments of $38.20 each. The register was used by Brooks in a brick filling station owned by him in the town of Jonesboro. No chattel mortgage was taken to secure the balance due on the machine. Brooks defaulted in meeting the installments of his said note, and on August 14, 1933, defendant herein sued him thereon and secured judgment by default for $725, the balance then due on the note, with interest and attorney's fees. This judgment, in keeping with the prayer to that effect, recognized a vendor's lien and privilege on the cash register (N–2135 R&S 1C) in favor of the National Cash Register Company.

On March 31, 1930, Brooks executed a promissory note to himself and the future holder or holders thereof for $17,500 and secured its payment by giving a special mortgage on the brick garage and filling station owned by him in Jonesboro, the contents thereof, and the lot of land whereon it was situated. This note was pledged to the Jonesboro State Bank by Brooks, and in May, 1932, that bank instituted foreclosure proceedings thereon. The mortgaged property, real and personal, including cash register No. 3229028, was seized by the sheriff and advertised for sale. Brooks secured a temporary restraining order against the sheriff proceeding with the sale of the personal property. Several grounds were alleged upon as entitling him to prevent said sale from being further proceeded with, the principal one of which was that said movable property was not sufficiently described in the act of mortgage to be identified, as is required by law. A preliminary injunction issued, but upon trial of the case on its merits, this injunction was dissolved and Brooks' suit dismissed. The sheriff, in due course, readvertised and sold at public sale all of the chattels and personal property seized by him under the writ of seizure and sale. The bank became the purchaser therof. Included among these chattels was a cash register identified by the No. 3229028.

The National Cash Register Company, defendant in the present suit, caused execution to issue on its judgment against Brooks and thereunder the sheriff seized in the hands of the bank, and took into his possession, the cash register No. 3229028, which the bank purchased at the foreclosure sale it instituted against Brooks. The register was advertised for sale and the present suit was instituted to enjoin the sheriff and defendant from prosecuting the sale further; the bank asserting that its title to the register, based upon the adjudication to it in its foreclosure proceeding against Brooks, was valid in all respects and superior to the claims of all other persons.

Defendant the National Cash Register Company asserts that the cash register seized in this suit is the same one sold by it to Brooks in August, 1931; that as the mortgage the bank foreclosed against Brooks was executed long before the register was placed in the mortgaged premises, it could not have been operative against said register; that therefore said bank acquired no valid and legal title to the register which, it is averred, was the property of Brooks when seized under the fi. fa. issued herein, and was subject to the vendor's lien and privilege recognized in the judgment for the unpaid part of the purchase price. The sale of the register, under the facts and circumstances mentioned, is attacked as an absolute nullity.

After trial on the merits, there was judgment perpetuating the preliminary injunction issued herein, which forever prohibited and restrained the sheriff and the National Cash Register Company from selling or offering for sale the cash register No. 3229028. From this judgment the company appealed.

In this court the plaintiff bank advances two main arguments against defendant's suit and its asserted right to have the register sold, namely:

1. That it is not established that the register seized under the fi. fa. is the same one sold by defendant to Brooks, and refers to the fact that the register sold Brooks is numbered N–2135 R&S 1C, whereas the one seized in the bank's hands is No. 3229028;

2. That the bank's title, being derived from and founded upon a sheriff's sale, after due proceedings had, cannot be collaterally attacked.

The first proposition urged by plaintiff is correct. There is no testimony in the record to prove that the register seized is the same one that Brooks purchased from the defendant. The numbers standing alone indicate possibly that there are two different registers involved. This variance should have been explained. It devolved upon the company to do so. The bank having acquired register No. 3229028 at sheriff's sale, after the question of the effectiveness of the mortgage thereon was determined affirmatively by the court in a suit provoked by Brooks, the owner, asserting to the contrary, it was beyond the

reach of defendant's pursuit, especially if it was not the one sold by it to Brooks.

 Granting that the register seized is the same as that sold to Brooks by defendant, and that it was not affected by the mortgage held by the bank, its position is not improved because it has been held that: "The purchaser of unmortgaged property, sold under the decree of a court of competent jurisdiction, rendered in a suit where the proper parties were duly represented, can not have his title to the property assailed in any collateral manner; or, on the ground of irregularities in the legal proceedings which only the defendant in the proceedings could plead." O'Hara v. Booth and Connell, 29 La. Ann. 817.

This case sustains the bank's second contention.

The judgment appealed from is correct and is therefore affirmed.